## PARKER *v.* McKEAN.

The allegations of a plea are referred to the time of plea pleaded, and not to the time when the action was commenced.

Where, in a suit commenced on the first day of October, 1855, the defendant was required by the writ to answer " on the first Tuesday of November next," and by the summons " on the fourth Tuesday of November next," and the defendant in pleading this variance in abatement at the November term, 1855, after enrolling the writ and summons, averred that he was required by the writ to answer on the first Tuesday of November next, and by the summons on the fourth Tuesday of November next, it was *held*, on demurrer, that these averments on the plea must be referred to the time when it was pleaded, and amounted to an averment that by the writ and summons the defendant was required to answer on different days in November, 1856, and that the plea was bad.

ASSUMPSIT. The defendant appeared at the term of the Common Pleas, held on the first Tuesday of November, 1855, and enrolled the writ, the officer's return, and the summons left with the defendant, by which it appeared that the writ and summons were dated October 1, 1855 ; that the defendant was required by the writ to answer in the Court of Common Pleas " on the first Tuesday of November next," which would be in the year 1855, and by the summons, " on the fourth Tuesday of November next," which would be in the same year.

The defendant then prayed judgment of the writ, and that it might abate, " because that the summons aforesaid," &c., " did not contain the substance of the plaintiff's said writ in this, to wit, that by said writ the said Samuel McKean is required to

---

---

answer to the plaintiff before the Court of Common Pleas, to be holden at Manchester, in said county of Hillsborough, on the first Tuesday of November next, and in and by said summons said Samuel McKean is required to answer to said plaintiff at the Court of Common Pleas to be holden at Manchester, in said county of Hillsborough, on the fourth Tuesday of November next, and this the said Samuel McKean is ready to verify.

The plea was pleaded at the term of the Common Pleas held on the first Tuesday of November, 1855.

The plaintiff demurred to the plea, and assigned several causes of demurrer, among them the following : " It is alleged in said plea that in and by said writ, said McKean is required to appear at the Court of Common Pleas, holden at Manchester on the first Tuesday of November next, that is, the first Tuesday of November, 1856 ; but it appears from the enrollment of the writ that he was therein required to appear at said court on the first Tuesday of November, 1855, and the same inconsistency exists in said plea in relation to said alleged summons."

*Stevens & West*, for the plaintiff.

*A. W. Sawyer*, for the defendant.

PERLEY, C. J.   Where a defect in the summons, left with the defendant when his goods are attached on the writ, is pleaded in abatement, our practice requires the writ and summons to be enrolled, as was done in this case.   The writ and summons being thus made part of the record, the defect in the summons appears on the record.   But the fact that the matter pleaded in abatement appears on the face of the writ and summons thus enrolled, does not excuse the defendant from stating by way of averment what it is which he relies on to abate the writ.   It would not be sufficient to enroll a writ and the defective summons, and, without stating in the plea what the defect relied on was, merely conclude by praying judgment of the writ; and so leave the court to discover or conjecture what ground was meant to be

taken to abate the writ. *Nelson* v. *Swett*, 4 N. H. 257 ; *Dyke* v. *Percival*, 14 N. H. 578.

And the defendant being required to state in his plea the matter of abatement on which he relies, must do it with the exactness and precision which the general rule of law requires in this class of pleas.

This plea was pleaded at the term of the court held in November, 1855, and alleges that the writ required the defendant to appear on the first Tuesday of November next, and the summons on the fourth Tuesday of November next. There is nothing in the plea which shows or intimates that it was intended to set forth or recite any part of the writ or the summons ; it stands in the plea as an independent averment of the different times at which, by the writ and summons, the defendant was required to appear.

A plea speaks as of the time when it is pleaded ; an averment in a plea is referred to the time of plea pleaded and not to the time when the suit was commenced.

The effect of the allegation in this plea is, that by the writ and summons the defendant was required to appear on different days in November, which would be next after the time when the plea was pleaded, that is, in November, 1856. This averment is not accurate nor consistent with the writ and summons, which are enrolled as part of the plea. Courts make no intendments to sustain pleas of this class. They seek to take advantage of formal defects, and must themselves be correct in form.

A plea in abatement for a wrong addition to the defendant's name, must refer to the time when the suit was commenced, and not to the time when the plea was pleaded. If it should aver that the defendant is a gentleman, and not a yeoman, as by the writ is supposed, the plea would not be good, because the defendant may have been of the rank of yeoman when the suit was commenced, and have become a gentleman since. Story's Pleadings at Law 93. So of a plea in abatement for a wrong description of a defendant's residence. Story 94.

*The demurrer must be allowed, and the defendant answer over.*